UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-cv-00838-MOC-DSC

| | |
|---|---|
| TEMAKO MCCARTHY AND VICTOR WILLIAMS, co-administrators of the Estate of La-Reko Williams, | ) ) ) ) |
| Plaintiffs, | ) ) |
| Vs. | ) ORDER ) |
| CITY OF CHARLOTTE, et al., | ) ) |
| Defendants. | ) |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). Objections have been filed within the time allowed to that portion of the M&R recommending dismissal of the City of Charlotte. Objections to the recommendations concerning dismissal of Defendant Monroe and the Claim for Injunctive Relief have not been filed. On September 11, 2013, the court heard oral arguments in support and in opposition to the Objections. For the reasons discussed at the hearing and briefly herein, the court adopts in full Judge Cayer's recommendation as to dismissal of Defendant Monroe and the Claim for Injunctive Relief, but does not adopt at this time the recommendation that the City of Charlotte be dismissed.

### FINDINGS and CONCLUSIONS

**I.     Factual Background**

Construing the allegations of the Complaint in a light most favorable to plaintiffs, their

1

decedent was killed by CMPD Officer Michael Forbes when such officer, without just cause, employed his Taser, striking the decedent's center mass, causing cardiac capture and death. Plaintiffs further contend on information and belief that the officer targeted the decedent's center mass despite knowledge by the City of Charlotte that a person's center mass should not be targeted when a Taser is employed and that the City of Charlotte failed to train its officers not to target center mass. Plaintiffs allege that the City of Charlotte's policies and training on the use of TASERs allowed and promoted the improper use of deadly force.

At oral arguments, the City of Charlotte contended that its training program includes information on the proper employment of Tasers, including training that officers not target a person's center mass.

## II. Applicable Standard of Review of an M&R

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

2

**III.    Discussion**

Defendants Monroe and the City of Charlotte filed a Motion for Judgment on the Pleadings and Motion to Dismiss for Lack of Jurisdiction (#22) on May 28, 2013. Judge Cayer has recommended that such motions be granted. Plaintiffs have objected to that portion of the M&R which recommends dismissal of the City of Charlotte.

Federal Rule of Civil Procedure 12(c) provides that, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." In resolving a motion for judgment on the pleadings, the court must accept all of the nonmovant's factual averments as true and draw all reasonable inferences in their favor. Bradley v. Ramsey, 329 F. Supp. 2d 617, 622 (W.D.N.C. 2004); Atwater v. Nortel Networks, Inc., 394 F. Supp. 2d 730, 731 (M.D.N.C. 2005). Judgment on the pleadings is warranted where the undisputed facts demonstrate that the moving party is entitled to judgment as a  matter of law. Bradley, 329 F. Supp. 2d at 622. The standard is similar to that used in ruling on Rule 12(b)(6) motion "with the key difference being that on a 12(c) motion, the court is to consider the answer as well as the complaint." Continental Cleaning Serv. V. United Parcel Serv., Inc.,  1999 WL 1939249, at *1 (M.D.N.C. April 13, 1999) (internal citations omitted).

In resolving a motion for judgment on the pleadings, the court may rely on admitted facts in the pleadings, documents attached to the pleadings, and facts contained in materials of which the court may take judicial notice. Bradley, 329 F. Supp. 2d, at 622 (noting that the Court should consider documents attached to the pleadings); Hebert Abstract Co. v. Touchstone Prop., Ltd., 914 F.2d 74, 76 (5th Cir. 1990) (holding that court should consider pleadings and judicially noticed facts).   Thus, the court has considered plaintiffs' Complaint (#1) and the moving defendants' Answer (#12) in conjunction with their briefs, but has otherwise applied the same

3

standard for the Rule 12(c) motion as for a motion made pursuant to Rule 12(b)(6). Independence News, Inc. v. City of Charlotte, 568 F.3d 148, 154 (4th Cir. 2009). Applying the Rule 12(b)(6) standard in the context of a Rule 12(c) motion, the question for this court is whether plaintiffs have stated a claim against the City of Charlotte that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim is plausible when plaintiff alleges facts that would allow this court to draw a reasonable inference that the City of Charlotte could be liable for the alleged misconduct. Id.

In relevant part, plaintiffs assert § 1983 claims against the City of Charlotte for excessive force and failure to train. In order for a Section 1983 claim of municipal liability to survive based on the constitutional torts of city employees, plaintiffs must plausibly allege and later prove that some municipal "policy" or "custom" caused a deprivation of the plaintiff's rights. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Put another way, Section 1983 liability can only attach where the defendant causes the constitutional violation itself, as there simply is no vicarious liability in Section 1983 proceedings. City of Canton v. Harris, 489 U.S. 378, 385 (1989).

In Carter v. Morris, 164 F.3d 215 (4th Cir. 1999), the Court of Appeals for the Fourth Circuit provided four sources of "official policy or custom" that may give rise to municipal liability: (1) "written ordinances and regulations;" (2) "affirmative decisions of individual policymaking officials;" (3) omissions by policymaking officials "that manifest deliberate indifference to the rights of the citizens;" or (4) a practice "so persistent and widespread and so permanent and well settled as to constitute a custom or usage with the force of law." Id. at 218. (quotations and citations omitted). Relevant to the Complaint in this case, plaintiffs contend that the City of Charlotte has or had in place a deficient program of police training and supervision

4

that has resulted in the use of excessive force by untrained or improperly trained officers, all in violation of the Fourth Amendment. See Spell v. McDaniel, 824 F.2d 1380,1387–88 (4th Cir. 1987). Plaintiffs allege that "TASERs are deadly weapons" and that the City of Charlotte has maintained a policy or custom of allowing and encouraging its police officers to use TASERs "in circumstances where deadly force was unjustified and less deadly uses of force should have been implemented." Doc. 1 at ¶52 and 55. Plaintiffs also allege that the City of Charlotte failed to train its police officers in "the proper way to contain, treat and secure irrational persons such as Williams...the dangers of TASER ECD shocks...[and] the necessity of avoiding the targeting of TASER's towards a subject's chest and heart." Id. at ¶ 75.

The Supreme Court has held that "[i]n limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983." Connick v. Thompson, — U.S. — ,131 S.Ct. 1350, 1359 (2011).  While Rule 12(b)(6) certainly requires that plaintiffs make plausible allegations that, if later proved, could result in a favorable jury finding, it is premature to determine at the Rule 12(b)(6) stage whether or not plaintiffs have sufficient "proof" that the deficiencies in training they have alleged amount to the "deliberate indifference to the rights of persons with whom the [untrained employees] come into contact." City of Canton, 489 U.S. at 388–389.  What proof plaintiffs may have can best be judged after the conclusion of discovery concerning the training provided by the City of Charlotte and the training the defendant officer actually received.

The court will, therefore, allow plaintiffs to proceed on this claim with the caveat that the court will revisit the issue if raised at summary judgment.  Plaintiffs are advised that the court will look closely at whether they have evidence that city policymakers were on actual or

5

constructive notice that a particular omission in their training program caused employees to violate citizens' rights, but that they chose to retain the allegedly deficient program anyway. Connick, 131 S.Ct. at 1360. After discovery closes, plaintiffs may wish to reevaluate the viability of such claims as they did their claims against Chief Monroe and for injunctive relief.

## IV. Conclusion

After such careful review, the court determines that the recommendations of the magistrate judge as to the dismissal of Defendant Monroe and the Claim for Injunctive Relief are fully consistent with and supported by current law. Further, the factual background and recitation of issues is supported by the applicable pleadings. Such portion of the M&R is fully accepted. As to the recommendation that the City of Charlotte be dismissed at this time, the court declines to accept such recommendation <u>at this time</u> in favor of allowing discovery to move forward and to revisit such contention at summary judgment, if raised.

**ORDER**

**IT IS, THEREFORE, ORDERED** that

(1) plaintiffs' Objections (#31) are **SUSTAINED,** and the City of Charlotte's Motion for Judgment on the Pleadings and Motion to Dismiss for Lack of Jurisdiction (#22) are **DENIED WITHOUT PREJUDICE** as to the City of Charlotte;

(2) the Memorandum and Recommendation (#28) is otherwise **AFFIRMED**, and Defendant Monroe's Motion for Judgment on the Pleadings and Motion to Dismiss for Lack of Jurisdiction (#22) is **GRANTED**, Defendant Monroe is **DISMISSED** from this action; and

(3) plaintiffs' Claim for Injunctive Relief is **DISMISSED**.

Signed: September 24, 2013

Max O. Cogburn Jr.
United States District Judge